Luigi TUNAJ, Andreas Tunaj, Antoneta Tunaj, Gabriel Tunaj Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Nos. 05–1497–AG (L), 04–1495–AG (CON), 04–1498–AG (CON), 04–1499–AG (CON).

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Aleksander Milch, New York, New York, for Petitioners.

Patrick L. Meehan, United States Attorney; Virginia A. Gibson, Barbara Rowland, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Luigi, Andreas, Antoneta, and Gabriel Tunaj, through counsel, petition for review of the BIA order affirming the immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's findings of fact under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Jin Hui Gao v. United States Att'y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73–79 (2d Cir.2004); Ramsameachire v. Ashcroft, 357 F.3d 169, 178–83 (2d Cir.2004); Secaida–Rosales v. INS, 331 F.3d 297, 306–13 (2d Cir.2003); Diallo v. INS, 232 F.3d 279, 286–88 (2d Cir.2000). While some jurisdictional questions have been raised, they are all statutory. Accordingly, we are free to assume jurisdiction since the case comes out the same way either on jurisdictional grounds or on the merits. See Guaylupo–Moya v. Gonzales, 423 F.3d 121, 132 n. 10 (2d Cir.2005).

For purposes of this analysis, we assume that the record supports Tunaj's claim that he suffered past persecution because he testified that, due to his participation in the Democratic League of Kosovo ("DLK"), the Serbian police arrested and detained him on two occasions, for a period of two to five days, respectively, during which they beat him with batons and threatened to kill him.

Substantial evidence, nonetheless, supports the IJ's finding that current conditions in Kosovo adequately rebutted any presumption of a well-founded fear of future persecution. See Islami v. Gonzales, 412 F.3d 391, 397–98 (2d Cir.2005). When an applicant establishes past persecution, asylum can still be denied as a matter of discretion if there is little possibility of future persecution, in light of current country conditions. 8 C.F.R. § 208.13(b)(1)(i); see also Islami, 412 F.3d at 397 (citing Matter of Chen, 20 I. & N. Dec. 16, 18 (BIA 1989)).

As indicated by the IJ, the State Department Country Report on Human Rights Practices reflects that there were substantial changes in Yugoslavia after the war in Kosovo ended. The United Nations Interim Administrative Mission assumed the administration of Kosovo following the former President Milosevic's cessation from power in 2000, and a United Nations-authorized peacekeeping force, the Kosovo

Force, has been established to maintain internal security and defend against external threats. Moreover, the human rights of Kosovo's citizens were "generally respected."

Additionally, while Tunaj claimed that he was shot at in Kosovo even after the noted changes in country conditions had occurred, he failed to establish that he objectively feared future persecution. The IJ accurately observed that Tunaj could not identify who the shooters were, and could only speculate that the shooting occurred because he was a DLK member. Tunaj's testimony, even taken as true, does not support an inference that he was persecuted due to his participation in the LDK. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003).

Further, substantial evidence supports the BIA and IJ's decision that Tunaj failed to establish that it is more likely than not that he would be tortured upon his return to Kosovo. While Tunaj testified that he had been beaten during two periods of police detention resulting from his participation in the DLK, he failed to provide any evidence that he would be at risk of similar treatment amounting to torture by or at the instigation or acquiescence of a public official in the future. *See* 8 C.F.R. 208.18(a)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).